IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 9 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00154-BNB

CHAD EUGENE JONES,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS
ARISTEDES W. SAVARAS [sic],
STERLING CORRECTIONAL FACILITY,
KEVIN MILYARD, and
SCF READING COMMITTEE CAPTAIN JAMES JIMMERSON,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Chad Eugene Jones, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is confined at the Sterling, Colorado, correctional facility. He has filed *pro se* an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (2006), 28 U.S.C. § 1343(a)(3) (1993), alleging that the defendants violated his rights under the United States Constitution. He asks for injunctive relief.

The Court must construe the amended complaint liberally because Mr. Jones is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress &*

*Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Jones will be directed to file a second amended complaint.

Mr. Jones asserts that he is a "white racialist and separatist" and that his political and racial views are "part of my religion." Amended complaint at C. Nature of the Case at 2. He further alleges that on December 3, 2007, and on January 25, 2008, the Sterling Correctional Facility mail room confiscated the newsletters he received from the Racial Nationalist Party of America and sent them to the prison reading committee. On the basis of these allegations, he contends that his First Amendment rights were violated. He also makes a verbose and vague second claim concerning the DOC's alleged failure to comply with prior court orders but he fails to allege any injury as a result of that alleged failure other than the First Amendment violations he already asserts in his first claim.

Mr. Jones must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Jones must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant such as DOC Executive Director Aristedes Zavaras and Sterling Correctional Facility Warden Kevin Millyard may not be held liable merely

because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Jones may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Jones uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The second amended complaint Mr. Jones will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the

emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

In order for Mr. Jones "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Jones file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Jones, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Jones fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED April 9, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00154-BNB

Chad Eugene Jones
Prisoner No. 102805
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _____

                                 GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk